UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

MARK HOWSHAR,

    Plaintiff

-vs-

LARIMER COUNTY DEPARTMENT OF HUMAN/SOCIAL SERVICES, AND MICHELLE LORENZEN

    Defendant

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff, Mark Howshar, by and through counsel, Erik G. Fischer, P.C., and for his Complaint against the named Defendants, allege and states as follows:

**PARTIES**

1.    Plaintiff, Mark Howshar, is an individual with a residence at 3933 Cashen Lane, Timnath, CO, 80547.

2.    Defendant, Larimer County Department of Human/Social Services, is a Colorado professional corporation with its principal place of business at 2555 Midpoint Drive, Suite F, Fort Collins, CO, 80525.

3.    Defendant, Michelle Lorenzen, is an individual who works for the Larimer County Department of Human/Social Services at the 2555 Midpoint Drive, Suite F, Fort Collins, CO, 80525.

**JURISDICTION AND VENUE**

4.    This is a civil action under 42 U.S.C § 1983 seeking damages against Defendant for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States. Subject matter jurisdiction over 42 U.S.C. § 1983 is properly in the United States District Court pursuant to 28 USC § 1331

since the complaint alleges constitutional and federal statutory and civil rights violations against the Defendants.

5. Venue is proper under 28 U.S.C 1391 (b), in that the events described herein occurred within the District of Colorado.

## IMMUNITY

6. The Colorado Governmental Immunity Act does not apply to claims that are based on federal civil rights violations especially under 42 U.S.C. § 1983. *Martinez v. El Paso County*, 673 F. Supp. 1030 (D. Colo. 1987). The Defendants, upon information and belief are not under immunity in this Action given its basis under 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

7. The underlying matter comes before the Court as a response to the inclusion of Plaintiff's name in a statewide automated data base, known as the Comprehensive Chile Welfare Information System ("Trails"), identifying him as a person responsible for an incident of child abuse or neglect.

8. On or about July 21, 2021, Plaintiff received a letter from Larimer County Department of Human/Social Services, signed by Defendant Lorenzen and her supervisor, indicating that Plaintiff's name will be maintained in Trails System. **Exhibit 1** (*Letter dated July 21, 2021)*. The letter indicated that the date the allegation was reported to the County was May 26, 2021.

9. The basis of the listing arose from the same course of events that were addressed in the matter *In the Interest of EO* (2021JV121), in which Plaintiff was a "special respondent" as a result of his marriage and cohabitation with EO's mother.

10. A dependency and neglect case (2021JV121) was filed on June 8, 2021, citing to the same referral to the County from May 26, 2021. **Exhibit 2** (*Petition Neglected or Dependent Child)*. As relevant hereto, the petition for neglected or dependent child asserted that Sandra Howshar, Plaintiff's wife and mother of the named child ("EO") had engaged in mistreatment or abuse; that EO lacked proper parental care through the acts or omissions of Ms. Howshar; and that EO's environment was injurious to her welfare. *Id*.

11. The Larimer County Department of Human Services (the "Department") caused the filing of the "Petition Neglected or Dependent Child" on or about June 8, 2021, and signed by Defendant Lorenzen and approved by a social caseworker manager from the Department on June 7, 2021. *Id*. The Petition alleged that Plaintiff's wife Sandra Howshar had been physically and

emotionally abusive to her daughter EO. Ms. Howshar had shared custody with EO's father, who was another respondent to the action. *Id*.

12. Among the allegations of physical abuse alleged to have occurred days earlier, the reporting party included an allegation that the Plaintiff and his son had been locked out of the house by Ms. Howshar for an unknown period of time. *Id*. It was also alleged in the description of the "current situation" justifying the complaint, that Plaintiff's son "felt safe" with Plaintiff. *Id*. Even EO, the subject of the D&N case, indicated that the Plaintiff "is nice to her and she does not have any worries about [Plaintiff]." *Id*. EO also expressed that "she feels safe" with Plaintiff. *Id*.

13. The Petition in Dependency and Neglect was filed under the Colorado Children's Code, C.R.S. §19-3-502.

14. Ms. Howshar, as Respondent Mother, denied the allegations and requested a jury trial. The matter was set for a 2-day adjudicatory jury trial commencing on August 31, 2021. (*See pleadings and case schedule in 2021JV121*).

15. Defendant Lorenzen has been the case worker of note in previous unsubstantiated and unactioned allegations involving EO. Defendant Lorenzen has been deemed the ongoing case worker and has testified for the prosecution in 2021JV121.

16. The Jury was presented with evidence, testimony, and argument, and was presented with the following questions to the following questions to issue a verdict upon:

   a. Did the Respondent, Sandra Howshar, subject the Child, [EO], to mistreatment or abuse?
   b. Did the Child, [EO], lack proper parental care through the actions or omissions of her parent, guardian, or legal custodian, Sandra Howshar?
   c. Was the Child, [EO's], environment injurious to her welfare.

17. The Jury all agreed and answered "No" to all three questions on the special verdict form. **Exhibit 3** (*Special Verdict Form*).

*18.* The People then filed a Motion for Judgment Notwithstanding Verdict Pursuant to C.R.C.P. 59 or In the Alternative Motion for New Trial. **Exhibit 4** *(Motion for Judgment Notwithstanding Verdict)*.

19. After receiving pleadings on the matter, the court issued an order on September 29, 2021, determining that EO should be adjudicated dependent and neglected on the basis that her environment is injurious to her welfare. **Exhibit 5** (*Order Granting People's Motion for Judgment Notwithstanding Verdict*). The reasoning for this determination was that Sandra Howshar and an expert for her defense had theorized that EO's father had been engaging in alienation of EO from

Ms. Howshar, and had engaged in undue influence in EO's decision to raise untrue allegations against Ms. Howshar. The court reasoned that either EO was harmed by Ms. Howshar's physical and verbal abuse or EO was harmed because she was induced to lie by her father.

20. EO's father was included as another respondent, under the allegation that "EO lack[ed] proper parental care through the actions or omissions of her parent, guardian or legal custodian, [EO's father]. On August 31, 2021, EO's father entered into a deferred adjudication with an admission to the allegation that the child's environment was injurious to her welfare. The deferred adjudication has since been extended.

21. Plaintiff, and EO's father's wife were listed as Special Respondents by virtue of their familial and proximal relationship with their respective spouses.

22. On or about October 1, 2021 (two days after the court's decision), Plaintiff filed a timely demand for a State Level Fair Hearing Regarding a County Department Confirmation of Child Abuse or Neglect—the appeal was erroneously dismissed as having been deemed abandoned.[1]

23. On or about October 13, 2021, the Colorado Department of Human Services issued a Notice to Plaintiff advising him that on October 11, 2021, the Colorado Department of Human Services received the appeal concerning the finding that the Larimer County Department of Human/Social Services entered in Trails.

24. Ms. Howshar had filed a Notice of Appeal on November 9, 2021, addressing, in part, the Order granting people's Motion for Judgment Notwithstanding Verdict Pursuant to C.R.C.P. 59 and Denying Motion for a New trial entered on September 29, 2021. **Exhibit 6** (*Notice of Appeal of Ms. Howshar*).

25. On May 5, 2022, the Colorado Court of Appeals reversed the court's decision to grant the People's Motion for Judgment Notwithstanding Verdict, determined the orders should be vacated, and remanded the case to the underlying court to dispense of the case. **Exhibit 7** (*Order of Colorado Court of Appeals*).

26. There is no indication that the Plaintiff should have been considered for inclusion in the Trails Registry as a person responsible for an incident of child abuse or neglect. Even in the resulting D&N case, Plaintiff was merely included as a Special Respondent, by virtue of his familial ties to the mother of EO. Even the Colorado Court of Appeals agreed that there was insufficient evidence presented to support an assertion that EO's environment was injurious to their welfare. *Id*.

---

[1] A separate judicial review action is being filed accordingly on Plaintiff's behalf by separate counsel.

27. According to C.R.S. §19-3-502 (6),"[a] person may be named as a special respondent on the grounds that he resides with, has assumed a parenting role toward, has participated in whole or in part in the neglect or abuse of, or maintains a significant relationship with the child."

28. Here, the Plaintiff was listed as a special respondent as a result of his marriage to EO's mother.

29. Nothing in the allegations from May 26, 2021, would justify the identification of Plaintiff as a person responsible for an incident of child abuse or neglect.

30. Findings made by the Department confirming him as a person responsible for an incident(s) of child abuse or neglect is thereby not supported by a preponderance of credible evidence, nor does it meet the statutory or regulatory definitions of child abuse or neglect.

31. The Larimer County Department's finding that Plaintiff should be identified on Trails as a person responsible for an incident of child abuse or neglect was improper, premature, unsubstantiated, and injurious to Plaintiff's constitutional rights. Defendant Lorenzen's decision to confirm and pursue such a determination was equally flawed.

**CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983**

32. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

33. 42 U.S.C.S. § 1983 provides in part that every person who, under color of any statute, ordinance, regulation, custom, or usage subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

34. Hence, to state a viable claim for relief under § 1983, a plaintiff must establish: (1) that defendant deprived him a federal right, and (2) that defendant acted under color of state law. When claims are stated against a governmental entity, a plaintiff must also prove that the conduct complained of was the result of an established custom and policy and was not random or unauthorized. *Dillingham v. Univ. of Colo., Bd. of Regents*, 790 P.2d 851, 854 (Colo. App. 1989).

35. The actions and inactions of Defendants constituted an unconstitutional deprivation, deliberate interference with, and reckless disregard for Plaintiff's rights under the Fourteenth and Fifth Amendments to the United States Constitution.

36. Defendants were acting under color of state law at all times relevant hereto.

37. The Defendants are individually liable to Plaintiff for violation of 42 U.S.C. § 1983.

38. Defendants were deliberately indifferent in determining that Plaintiff should be included and named in the Trails registry database—as an individual alleged to be responsible for abuse or neglect of a child.

39. The Trails system is a reporting system used for purposes of background and employment checks. County departments of social services investigate claims of abuse or neglect, and report their findings of child abuse or neglect to the State Department. These reports can be used for employment and other background checks.

40. The Department's very determination that there was credible evidence to support the findings in records and reports confirming responsibility for an incident of child abuse or neglect is a deprivation of Plaintiff's rights—as the same amounts to the conclusion that the decision is confirmed by the county Department, and it will be disclosable to those agencies and individuals permitted to have access in order to complete employment or background checks specified in Sec. 19-1-307(2) and will remain in State and County records and reports.

41. Defendant's actions indicate a willful and wanton disregard and deliberate indifference to Plaintiff's civil rights.

42. By allowing a supervisor to review and sign off on the TRAILs designation, the Department cannot claim ignorance or lack of liability.

43. Defendants are not entitled to qualified immunity.

44. Because of Defendants' reporting to the Colorado Department of Human Services, the Plaintiff has been subjected to lack of communication with Colorado Department's office, resulting in the premature extinguishment of his administrative appeal, and deprivation of a right to an impartial tribunal.[2]

45. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered injuries and losses, including being subjected to the negligent handling of the appeal process by the Colorado Department of Human Services, and the inclusion of his personal information on a registry which can severely affect professional and personal opportunities, and the emotional distress that has resulted therefrom; entitling him to recover his compensatory and special damages

---

[2] The availability of judicial review pursuant to Colo. Rev. Stat. § 24-4-106 does not preclude a 42 U.S.C.S. § 1983 action. Claimants may bring § 1983 claims without exhausting either state judicial or administrative remedies

for loss of constitutional rights, loss of enjoyment of life, and his herein described burden during the times leading up to this event, all in amounts to be proven at trial.

46. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each Defendant under 42 U.S.C. § 1983, in that the actions of each of these Defendants were undertaken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

47. Acting under the color of state law, with gross negligence, deliberate indifference, lack of professional judgment and reckless disregard for Plaintiff's rights, Defendants, through their acts and omissions, deprived Plaintiffs of liberty, privacy, and right to be free from unjustified intrusions into his respective personal securities, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in his favor and against the Defendants as follows:

A. Grant Plaintiff an award for damages in an amount to be proven at trial, for actual, compensatory, and punitive damages;

B. Award Plaintiff's attorneys' fees and costs associated with this action.

C. Grant Plaintiff injunctive relief, ordering Plaintiff's information be removed from the TRAILs system

D. Grant Plaintiffs any other relief this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demand that all issues of fact be tried to a jury.

Dated this 8th day of June, 2022.

        Respectfully submitted,

        /s/ *Ashleigh Bravo*
        Erik G. Fischer, #16856
        Ashleigh Bravo, #54653
        125 South Howes – Suite 900
        Fort Collins, CO 80521
        Telephone:  (970) 482-4710
        Facsimile:  (970) 482-4729
        Email: erik@fischerlawgroup.com
               ash@fischerlawgroup.com

Plaintiff's Address:

3933 Cashen Lane
Timnath, CO 80547