IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01447-MEH

MARK HOWSHAR,

    Plaintiff,

v.

LARIMER COUNTY DEPARTMENT OF HUMAN/SOCIAL SERVICES, and
MICHELLE LORENZEN,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Dismiss. ECF 27. For the reasons that follow, the Motion is granted.

## BACKGROUND

    This lawsuit concerns the placement of Plaintiff Mark Howshar ("Plaintiff") on the Comprehensive Child Welfare Information System ("TRAILS") as a person responsible for an incident of child abuse or neglect, by Defendants Larimer Country Department of Human/Social Services and its employee, Michelle Lorenzen ("Defendants"). The Court construes Defendants as making a facial attack on jurisdiction, and therefore, it assumes as true Plaintiff's allegations.

    On June 8, 2021, Defendants filed a dependency and neglect case with the district court for Larimer County. ECF 1-2. In that case, Plaintiff was considered a "special respondent" because his wife, Ms. Howshar, was alleged to have engaged in mistreatment or abuse of her daughter. *Id.* A jury trial commenced on August 31, 2021, and the jury found that Plaintiff's wife did not subject her child to mistreatment or abuse. ECF 1-3. The People of the State of Colorado filed a motion

for judgment notwithstanding the verdict, pursuant to C.R.C.P. 59, or a motion for new trial. ECF 1-4. The court found that "[b]ased on Mother's evidence and considering that evidence in the light most favorable to her (that the children lied and that Father caused [Ms. Howshar's daughter] to lie), this Court, and no reasonable person properly applying the law, can reach any conclusion other than that the Child's environment is injurious to her welfare." ECF 1-5 at 4. Ms. Howshar appealed the lower court's judgement, and the Colorado Court of Appeals reversed. ECF 1-7.

On or about July 21, 2021, Plaintiff received a letter from Defendants informing him that Plaintiff's name will be placed in TRAILS. ECF 1-1. Plaintiff appealed the TRAILS designation, and his appeal was dismissed. Compl. at 4; ECF 1. For his Claim for Relief, Plaintiff alleges that Defendants performed their child protection duties in a way that infringed Plaintiff's rights under the Constitution by wrongfully naming him in TRAILS. Compl. at 5; ECF 1. On the basis of that allegation, he brings a due process claim pursuant to 42 U.S.C. § 1983. *Id.* at ¶ 35

## **LEGAL STANDARDS**

### I. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Dismissal under it is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (recognizing federal courts are courts of limited jurisdiction and "there is a presumption against our jurisdiction"). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A motion to dismiss under Rule 12(b) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Plaintiff bears the burden of

2

establishing that this Court has jurisdiction to hear his claims. *Pueblo of Jemez v. U.S.*, 790 F.3d 1143, 1151 (10th Cir. 2015).

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms:

> First, a facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995); *see also Pueblo of Jemez*, 790 F.3d at 1148 n.4.

## II.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to

relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

**ANALYSIS**

Plaintiff alleges violation of his constitutional rights pursuant to the Fifth and Fourteenth Amendments and seeks to hold Defendants liable under Section 1983. Compl. at 6-7. Because the due process provisions of the Fifth Amendment only apply to Federal government actions, the Court will only consider Plaintiff's due process violation claim under the Fourteenth Amendment. *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).

**I.    Eleventh Amendment Sovereign Immunity**

Defendants argue that Plaintiff pleads no wrongdoing for which DHS may be held liable under Section 1983. Mot. at 6-7. Generally speaking, a state may not be sued in federal court for damages, and that immunity extends to agencies that act as an arm of the state. *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992). Plaintiff argues that certain factors weigh in favor of not qualifying DHS as an arm of the state. Resp. at 5-8. However, federal courts have uniformly found that Colorado's county-level departments of human services, as created by Colo. Rev. Stat. § 26-1-118(1), are arms of the state and therefore enjoy Eleventh Amendment sovereign immunity. *E.g., Goodwin v. Connell*, 376 F. Supp. 3d 1133 (D. Colo. 2019); *Schwartz v. Jefferson Cnty. Dep't of Human Servs.*, No. 09-cv-00915-WJM, 2011 WL 1843309, at *2 (D. Colo. May 16, 2011). Indeed, this Court has also found that county-level human services departments qualify as arms of the state for purposes of Eleventh Amendment immunity. *Wise v. Arapahoe Cty. Dep't of Hum. Servs.*, No. 20-cv-1952-MEH, 2021 WL 981318, at * 6 (D. Colo. March 16, 2021). Plaintiff cites no contrary case law, changed circumstances, or reasoned argument to alter this conclusion.

Given the consistent, recent, and on-point case law, the Court finds DHS has Eleventh Amendment immunity. As such, Plaintiff's claim against it is dismissed pursuant to Rule 12(b)(1)

for lack of subject matter jurisdiction. *Crone v. Dep't of Human Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438, at *9 (D. Colo. Oct. 5, 2012).

## II.     Qualified Immunity

Defendants also argue that that Plaintiff pleads no wrongdoing for which Ms. Lorenzen may be held liable under Section 1983. Mot. at 8. Government officials like Ms. Lorenzen are entitled to qualified immunity so long as their conduct does not violate another's clearly established constitutional rights. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Here, Plaintiff asserts that Ms. Lorenzen violated his clearly established constitutional rights by naming Plaintiff in TRAILS "[d]espite [an] astounding lack of supporting evidence, and abundance of contradictory evidence." Resp. at 9. To support his assertion, Plaintiff cites *Snell v. Tunnel*, 920 F.2d 673 (10th Cir. 1990) and *Franks v. Delaware*, 438 U.S. 154 (1978). Resp. at 9. In fact, the *Snell* court recognized that "several cases arising under a variety of constitutional theories have granted qualified immunity to those investigating claims of child abuse or neglect when there were circumstances which made it appear that the children were in danger and there was evidentiary support for such an assessment." 920 F.2d at 697. Here, the Defendants were investigating claims of child abuse and neglect in light of evidence that Ms. Howshar's child lived in a dangerous environment. *See* ECF 1-2 at 5-10 (investigation report attached to the Complaint). When Defendants filed their dependency and neglect case with the district court, they provided a detailed report of the dangerous home environment cultivated by Ms. Howshar and Plaintiff. *Id.* Among many, the report included allegations that Plaintiff had choked Ms. Howshar's child, he "screams a lot and says 'mean' words to" the child, and he "engages in verbal abuse and bullying." *Id.* at 5-7.

In some instances, when a plaintiff alleges a due process violation, a plaintiff might state a claim that will not be dismissed on qualified immunity grounds if the defendant social workers

6

demonstrated "malice or improper motives." *Doe v. Hennepin Cnty.*, 858 F.2d 1325, 1329 (8th Cir. 1988). Here, Plaintiff does not allege malicious or improper motives, but simply deliberate "mishandling" of the TRAILS designation. Resp. at 11. Therefore, under the case law, Ms. Lorenzen is entitled to qualified immunity.

That said, it is the Plaintiff who bears the burden of showing that (1) Ms. Lorenzen's conduct violated his constitutional rights, and (2) his violated right was clearly established at the time of the Ms. Lorenzen's unlawful conduct. *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). "For a law to be clearly established, it must not be defined 'at too high a level of generality.'" *Finch v. Rapp*, 38 F.4th 1234, 1242 (10th Cir. 2022) (citing *City of Tahlequah, Oklahoma v. Bond*, 142 S. Ct. 9, 11 (2021)). The Supreme Court has recently stated that "'[t]he dispositive question is "whether the violative nature of *particular conduct* is clearly established."' . . . . '[I]n the light of pre-existing law,' the unlawfulness of the officer's conduct 'must be apparent.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866–67 (2017) (citations omitted) (emphasis in original).

Both *Snell* and *Franks* considered the use of false information to conduct a government search or seizure, where plaintiff alleged a Fourth Amendment violation. *Snell*, 920 F.2d at 676; *Franks*, 438 U.S. at 156-57. Plaintiff also cites *Anderson v. Creighton*, which similarly involves a violation of a plaintiff's Fourth Amendment rights. 483 U.S. 635, 636-37 (1987). While Plaintiff asserts that Ms. Lorenzen used false information in support of her TRAILS entry, Plaintiff provides no basis for the Court to apply the standards set forth in *Snell*, *Franks,* and *Anderson* to the facts of the present case. In those cases, the "clearly established right" contemplated by the Court was the right to be free from unreasonable searches and seizures. *Anderson*, 483 U.S. at 640; *Franks* 438 U.S. at 164-65; *Snell*, 920 F.2d at 699-700. Here, Plaintiff asserts a right to be free from being entered into TRAILS unless an investigating social worker has some amount of evidence more

than Ms. Lorenzen had in this case. *See* Resp. at 10. The Court has identified no cases finding a clearly established right not to have one's name entered on a child abuse information system under similar facts. *See Powell v. Johnson*, No. 3:11-CV-1432 GTS/DEP, 2012 WL 4052261, at *3 (N.D.N.Y. Jan. 9, 2012), *report and recommendation adopted*, No. 3:11-CV-1432 GTS/DEP, 2012 WL 4052223 (N.D.N.Y. Sept. 13, 2012) (plaintiff alleged her due process rights were violated when an investigation of a false claim of child abuse was conducted and her name was reported to New York State's central register of suspected child abusers; court found no such clearly established right). *See also Edwards v. Williams*, 170 F. Supp. 2d 727, 735–36 (E.D. Ky. 2001) (stating and citing numerous cases that it was objectively reasonable for the defendants, in light of prior case law, to conclude that their allegedly flawed investigations into abuse allegations were consistent with the plaintiff's clearly established rights); *Cf. Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1023 (7th Cir. 2000) (collecting cases) ("[S]ocial workers and other state actors who cause a child's removal are entitled to qualified immunity because the alleged constitutional violation will rarely if ever be clearly established.").

Finally, Plaintiff has alleged no concrete harm that has arisen from his name being in the TRAILS system. The closest he comes to this is the allegation that inclusion "can severely affect professional and personal opportunities." Compl. at 6; ECF 1. "[T]o establish 'a liberty interest sufficient to implicate the [F]ourteenth [A]mendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law.'" *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1234 (11th Cir. 2022). "For a plaintiff to prevail on a claim that the government has violated the Due Process Clause by damaging its reputation, that plaintiff must satisfy the 'stigma-plus standard. That standard requires the plaintiff to demonstrate both '(1) governmental defamation and (2) an alteration in legal status.' *Nixon v. City and Cty. of Denver*, 784 F.3d 1364, 1368 (10th

Cir.2015) (quoting *Guttman v. Khalsa*, 669 F.3d 1101, 1125 (10th Cir.2012))." *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1184 (10th Cir. 2016).

Finding a potential due process violation here would require a high level of generality forbidden by the Tenth Circuit and United States Supreme Court. Therefore, the Court finds that Plaintiff has not met his burden in challenging Ms. Lorenzen's entitlement to qualified immunity. Plaintiff's claim against her is dismissed.

### III.   Injunctive Relief

The final issue before the Court is whether Plaintiff may still seek equitable relief from Defendants in this case, despite the Court's finding of Eleventh Amendment immunity for DHS and qualified immunity for Ms. Lorenzen. For purposes of the foregoing analysis, the Court will assume Ms. Lorenzen is likewise entitled to Eleventh Amendment immunity in her official capacity. As Defendants acknowledge in their initial Motion, the *Ex parte Young* doctrine, 209 U.S. 123 (1908,) allows a plaintiff to seek equitable relief from state officials in their official capacities even if those officials are protected by Eleventh Amendment immunity. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019); *see also* Mot at 9. Here, Plaintiff seeks injunctive relief and asks the Court to order Plaintiff's information be removed from TRAILS. Compl. at 7. The Tenth Circuit prescribes the following four requirements for the *Ex parte Young* exception to apply: "(1) the plaintiffs are suing state officials, rather than the state itself; (2) the plaintiffs have alleged a non-frivolous violation of federal law; (3) the plaintiffs seek prospective equitable relief, rather than retroactive monetary relief from the state treasury; and (4) the suit does not implicate 'special sovereignty interests.'" *Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001) (quoting *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 609 (10th Cir. 1998)). Here, the *Ex parte Young* exception does not apply to Plaintiff's

claims against DHS, because it is the state itself. Ms. Lorenzen, however, is a state official and may be subject to the injunctive relief Plaintiff seeks. *See* Compl. at 1, 7.

Therefore, the next issue is whether Plaintiff alleges a non-frivolous violation of federal law. Here, Plaintiff alleges Ms. Lorenzen violated his constitutional rights by entering his name in TRAILS and should be held liable under Section 1983. Compl. at 5. Even though Plaintiff has not adequately pleaded that Ms. Lorenzen violated a clearly established constitutional right, alleging a non-frivolous due process violation is less rigorous. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (holding that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). Here, Plaintiff broadly alleges a violation of his Fourteenth Amendment rights but does not cite any specific federal laws that Ms. Lorenzen violated by naming him in TRAILS with the information she had available. He contends that Ms. Lorenzen "would not be able to fashion a truthful and justifiable designation without relying on known false allegations, or deliberately disregarding the information obtained," but provides no federal law that would define how Ms. Lorenzen ought to proceed when naming an individual in TRAILS. Resp. at 10. Moreover, Plaintiff's allegations are materially distinguishable from the cases he cites, which applied the *Ex parte Young* doctrine and found that those plaintiffs alleged a non-frivolous violation of federal law. *See Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 976-77 (10th Cir. 2001) (alleging "state officials have failed to process their applications for waiver services in the manner required by [42 U.S.C. § 1396a(a)(8)]."); *see also Elephant Butte Irr. Dist.*, 160 F.3d at 611 (alleging a violation of 43 U.S.C. § 501.). Therefore, the Court finds that the *Ex parte Young* exception does not apply to this case.

## **CONCLUSION**

Accordingly, Defendant's Motions to Dismiss [filed August 22, 2022; ECF 27] is **granted**. DHS is dismissed based on sovereign immunity. Plaintiff's claims against Ms. Lorenzen are dismissed based on qualified immunity. The *Ex parte Young* doctrine does not apply to either Defendant. Given the nature of the defects, the Court finds that granting leave to file an amended complaint would be futile. The Clerk of the Court shall close this case.

Dated at Denver, Colorado, this 17th day of November, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge